**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Louis Antonio BRYANT, a/k/a Tinio, a/k/a Black, a/k/a B Stacks, Defendant–Appellant.**

No. 13–7859.

United States Court of Appeals, Fourth Circuit.

Submitted: Feb. 11, 2014.

Decided: Feb. 25, 2014.

Louis Antonio Bryant, Appellant Pro Se. Ronald Mitchell Huber, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Before MOTZ, FLOYD, and THACKER, Circuit Judges.

Affirmed in part; dismissed in part by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louis Antonio Bryant seeks to appeal the district court's order denying his motion for reconsideration, denying as moot his motion to compel and treating his "Addendum to § 2255" as a successive 28 U.S.C. § 2255 (2012) motion, and dismissing it for lack of authorization from this court.

We affirm that part of the district court's order denying reconsideration and denying as moot the motion to compel on the reasoning of the district court. *United States v. Bryant,* Nos. 3:04–cr–00047–NKM–RSB–1; 3:13–cv–80668–NKM (W.D.Va. Oct. 29, 2013).

That part of the district court's order denying the "Addendum to § 2255" as a second or successive § 2255 motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitu-

tional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484–85, 120 S.Ct. 1595.

We have independently reviewed the record and conclude that Bryant has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Bryant's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock,* 340 F.3d 200, 208 (4th Cir.2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that ... would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (2012). Bryant's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART.*